# NO. 12-22-00273-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTINE REULE, APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | | |
| *BERNARD JOHN CHISM AND WIFE, HARRINGTON FAMILY TRUST, PAUL HARRINGTON, THOMAS HARRINGTON, AND AMANDA MOONEY, APPELLEES* | *§* | *JUDICIAL DISTRICT COURT* |
| | *§* | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

On June 17, 2020, Christine Reule filed a pro se notice of appeal in the trial court.[1] It appears from a search of the Smith County online records that an order of dismissal was entered on February 19, 2020. On October 6, 2022, this Court notified Reule that the notice of appeal does not show the jurisdiction of this Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.1, 26.3. We informed Reule that the appeal would be dismissed unless the information was amended on or before October 17 to show this Court's jurisdiction. Reule filed a response, which fails to establish this Court's jurisdiction over the appeal.

---

[1] Reule also filed an original proceeding with this Court on September 30, 2022, which is pending in cause number 12-22-00271-CV. In the course of that proceeding, we discovered that she filed a notice of appeal that was never forwarded to this Court. The Clerk of this Court brought this issue to the attention of the Smith County District Clerk's Office and the notice of appeal was subsequently forwarded to this Court on October 5, 2022. *See* TEX. R. APP. P. 25.1(f) ("trial court clerk must immediately deliver a copy of the notice of appeal to the appellate court clerk, to the trial judge, and to each court reporter responsible for preparing the reporter's record").

Under Rule 26.1, the notice of appeal must be filed within thirty days after the judgment is signed or, if the case is accelerated, within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1. Unless the appeal is accelerated, the notice of appeal must be filed within ninety days "after the judgment is signed" if any party timely files a motion for new trial, motion to modify, motion to reinstate, or request for findings of fact and conclusions of law when such could be properly considered by the appellate court. TEX. R. APP. P. 26.1(a)-(b), 28.1(b). The case information sheet from the Smith County District Clerk's Office reflects that Reule did not file a motion for new trial or a request for findings of fact and conclusions of law. Assuming this is a regular appeal, even had she timely filed a post-judgment motion or request for findings, her notice of appeal was filed well outside the time for perfecting an appeal from the February 19, 2020 order, or for seeking an extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.3 (motion to extend time for filing notice of appeal must be filed within fifteen days after deadline for filing notice of appeal).

As this Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure, we ***dismiss*** the appeal for ***want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a). All pending motions are ***overruled as moot***.

Opinion delivered October 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2022**

**NO. 12-22-00273-CV**

**CHRISTINE REULE,**
Appellant
V.
**BERNARD JOHN CHISM AND WIFE, HARRINGTON FAMILY TRUST, PAUL HARRINGTON, THOMAS HARRINGTON, AND AMANDA MOONEY,**
Appellees

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 18-1871-C)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*